IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WEST VIRGINIA MEDICAL INSTITUTE, INC.,**

    **Plaintiff,**

v.                                                          CIVIL ACTION NO. 2:15-cv-13449

**INNOVATIVE RESOURCE GROUP, LLC
d/b/a APS HEALTHCARE MIDWEST, a
Wisconsin Limited Liability Company,
KEPRO ACQUISITIONS, INC., a Pennsylvania
Corporation, WEST VIRGINIA DEPARTMENT
OF ADMINISTRATION, PURCHASING
DIVISION, a West Virginia Agency, WEST
VIRGINIA DEPARTMENT OF HEALTH AND
HUMAN RESOURCES, a West Virginia Agency,
ANGELA HOBBS, an individual, and KRISTYN
TAYLOR, an individual,**

    **Defendants.**

## NOTICE OF REMOVAL

TO:    Cathy Gatson, Clerk                     Christopher S. Dodrill
            Circuit Court of Kanawha County     Office of the WV Attorney General
            Judicial Annex, Second Floor        812 Quarrier Street, Floor 6
            111 Court Street                         Charleston, WV  25301
            Charleston, WV  25301              *Counsel for Defendant West Virginia*
                                                                *Department of Health and Human*
                                                                *Resources*

            Carte P. Goodwin                      Kelli D. Talbott
            Goodwin & Goodwin, LLP             Office of the WV Attorney General
            300 Summers Street, Suite 1500     812 Quarrier Street, Floor 2
            Charleston, WV  25301              Charleston, WV  25301
              *Counsel for Plaintiff*                     *Counsel for Defendant West Virginia*
                                                                 *Department of Administration, Purchasing*
                                                                *Division*

Michael J. Del Giudice (WVSB #982)
Timothy J. Lafon (WVSB #2123)
Ciccarello, Del Giudice & Lafon
1219 Virginia Street, E., Suite 100
Charleston, West Virginia 25301
  *Counsel for Angela Hobbs and Kristyn Taylor*

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Innovative Resource Group, LLC d/b/a APS Healthcare Midwest ("APS Healthcare Midwest"), a Wisconsin limited liability company, and KEPRO Acquisitions, Inc. ("KEPRO") (collectively with APS Healthcare Midwest "APS"), a Pennsylvania corporation, hereby give notice of removal of the above-captioned action, Civil Action No. 15-C-1680, pending in the Circuit Court of Kanawha County, West Virginia, to this Court. In support of removal, APS states as follows:

1. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that the Complaint in this action was served upon APS Healthcare Midwest and KEPRO *via* the West Virginia Secretary of State on September 8, 2015. *See* Exhibit A. This Notice of Removal is being filed within thirty (30) days of that date, which was the first date on which any of the defendants received a copy of the complaint ("Compl.") through service or otherwise.

2. The Circuit Court of Kanawha County is located within the Southern District of West Virginia, Charleston Division.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon defendants, which papers include the summonses and complaint, is attached hereto as Exhibit B.

4. This Court has original jurisdiction of this action under 28 U.S.C. § 1332 and this action is therefore removable to this Court given that the proper parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. APS asserts that the West Virginia Department of Administration, Purchasing Division ("DOA") and

West Virginia Department of Health and Human Services ("DHHR") (collectively with the DOA, the "Agency Defendants")[1] were fraudulently joined and that the remaining non-diverse defendants, Angela Hobbs ("Hobbs") and Kristyn Taylor ("Taylor") (collectively with Hobbs, the "Individual Defendants"), were fraudulently misjoined in this action in an attempt to divest APS of their right to litigate this matter in a federal forum.

5. The Individual Defendants consent to removal of this matter to federal court. *See* Exhibit C (Consents to Removal executed by the Individual Defendants).

6. Plaintiff West Virginia Medical Institute ("WVMI") was at the time of filing of the Complaint and is a West Virginia corporation with its principal place of business in Charleston, West Virginia. Compl. at ¶ 1.

7. Defendant APS Healthcare Midwest was at the time of filing of the Complaint and is now a Wisconsin limited liability company. Compl. at ¶ 2; Exhibit D (Affidavit of Joseph A. Dougher) at ¶ 3.

8. At the time the Complaint was filed in this matter and now, the sole member of APS Healthcare Midwest was and is APS Healthcare Bethesda, Inc. ("APS Healthcare Bethesda"). Exhibit D (Affidavit of Joseph A. Dougher) at ¶ 4.

9. APS Healthcare Bethesda is an Iowa corporation with its principal place of business in Harrisburg, Pennsylvania. Exhibit D (Affidavit of Joseph A. Dougher) at ¶ 5.

10. Defendant KEPRO was at the time of filing of the Complaint and is now a Pennsylvania corporation with its principal place of business in Harrisburg, Pennsylvania. Compl. at ¶ 3; Exhibit D (Affidavit of Joseph A. Dougher) at ¶ 2.

---

[1] The Agency Defendants have not consented to removal of this matter to federal. As nominal parties with no real stake in the matter, their consent is not necessary. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255 (4th Cir. 2013). Federal courts have long recognized the nominal party exception to the rule of unanimity. The nominal party exception ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case.

11. This matter involves a service contract between APS Healthcare Midwest and DHHR (the "Prime Contract") under which APS Healthcare Midwest provides certain services to the DHHR. Compl. at ¶¶ 11 through 22. In turn, APS Healthcare Midwest subcontracted certain services to WVMI under a Letter of Agreement ("LOA" or "Subcontract"). *Id.*, at 23 through 64.

12. A cursory review of the parties' litigation history reveals that WVMI is desperate to divest APS of its right to litigate this matter in a federal forum:

    a. WVMI filed its initial Complaint ("First Civil Action") and Motion for Preliminary Injunction and Temporary Restraining Order against APS and the Agency Defendants on August 25, 2015 in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 15-C-1615. Notably, the Individual Defendants were **not** included as party defendants in the First Civil Action.

    b. APS timely removed the First Civil Action to the United States District Court for the Southern District of West Virginia on September 1, 2015 based upon the Court's diversity jurisdiction. *See* Civil Action No. 2:15-cv-12836 (Dkt. No. 3). Therein, APS argued that the Agency Defendants had been fraudulently joined.

    c. WVMI filed its Notice of Voluntary Dismissal in the First Civil Action on September 3, 2015. *See* Civil Action No. 2:15-cv-12836 (Dkt. No. 5).

    d. WVMI filed its second Complaint ("Second Civil Action") and Motion for Temporary Restraining Order and Preliminary Injunction against APS and the Agency Defendants on September 4, 2015 in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 15-C-1680. Notably, the non-diverse Individual Defendants were added as party defendants in the Second Civil Action.

As set forth in more detail below, the Agency Defendants have been fraudulently joined and the newly added Individual Defendants have been fraudulently misjoined.

*Fraudulent Joinder of the Agency Defendants*

13.     The Complaint now sets forth ten causes of action, only one of which is directed toward the Agency Defendants.  In Count VI, WVMI prays for declaratory relief as to all defendants.  Compl. at ¶¶ 108 through 126.

WVMI seeks the following declarations:

> a. Declare that WVMI's role as a critical subcontractor providing utilization review and prior authorization services is a material term to the Contract;
>
> b. Declare that WVMI's role as a critical subcontractor under the Contractor cannot be changed, modified, or eliminated in any way except through the formal change order process, as required by the Contract;
>
> c. Declare that WVMI is legally entitled to continue performing through the entirety of the Contract, including the Second Extension and all future extensions, as a result of the Contract, LOA, Extension Amendment, and all other relevant contracts;
>
> d. Declare that APS's and KEPRO's heavy-handed negotiation tactics, including but not limited to the trilemma, were unlawful, tortious, in breach of all relevant contracts, and in bad faith;
>
> e. Award costs and attorneys' fees associated with this declaratory judgment action, pursuant to W. Va. Code § 55-13-10; and
>
> f. Award any and all other further relief, including but not limited to further declaratory relief, that the Court and jury deem just and proper.

WVMI is *not* seeking a declaration of its rights, status or other legal relation vis-à-vis the DOA or the DHHR.   Rather, WVMI is seeking a declaration of its rights as to APS under the LOA and Extension Agreements.   WVMI tacitly acknowledges as much in footnote 2 of the Complaint:

> Defendants DOA and DHHR were included here because they are parties to the contracts at issue and thus would be affected by the declaration.   'When declaratory relief is sought, all persons shall be made parties who have or claim

5

>  any interest which would be affected by the declaration . . .' W. Va. Code § 55-13-11.

Compl., p. 20, fn 2.    It is important to note that WVMI does not allege that it has a direct contractual relationship with either the DOA or DHHR. *See* Compl. APS Healthcare Midwest -- and only APS Healthcare Midwest -- is a party to the Prime Contract with the DHHR. Thus, the Agency Defendants will not be affected by the outcome of this case and are not proper parties to this action.

14.     Assuming *arguendo* that the Agency Defendants would be affected by the Court's ruling on Count VI -- which they will ***not*** -- they are still not proper parties to this action as there is no justiciable controversy between the Agency Defendants and Plaintiff. *See Town of South Charleston v. Board of Educ.*, 132 W. Va. 77, 50 S.E.2d 880 (1964) (although the Declaratory Judgment Act does not expressly require the existence of a justiciable controversy, such controversy must exist before a court can acquire jurisdiction). As there is no justiciable controversy between WVMI and the Agency Defendants, WVMI has failed to state a claim for declaratory relief as against the Agency Defendants.

15.     Further, the Supreme Court of Appeals of West Virginia has held that it is not necessary to name all interested parties in a declaratory judgment action instituted pursuant to West Virginia Code § 55-13-11. *Nisbet v. Watson,* 162 W. Va. 522, 251 S.E.2d 774 (1979). Rather, West Virginia ascribes to the more enlightened view that all persons who ***might*** have an interest in the subject matter need not be made parties in the action as long as judgment would have no prejudicial effect upon the rights of such persons. *Id.* at 529, 251 S.E.2d at 779. In *Nisbet*, the Court found that it was sufficient that all interested parties had been notified of the pending action and had thereby been provided an opportunity to participate in the action if they so desired. *Id.* Notably, both the DOA and DHHR have filed motions to dismiss before the

Circuit Court of Kanawha County asserting that there is no justiciable controversy between them and WVMI. *See Defendant DHHR's Motion to Dismiss* at ¶ 3 ("[t]o be clear, DHHR has no interest in this case, as it will not be affected by the relief sought by WVMI. Indeed, even if complete relief were warranted in favor of WVMI on all ten counts, DHHR would not be compelled to take any action under the relief sought in the Complaint, nor would its interests be affected.") and *Motion to Quash and Motion to Dismiss on Behalf of the West Virginia Department of Administration, Purchasing Division* at p. 4 ("[p]urchasing is not a party to the contract at issue in this case. . . . Purchasing is not an interested party and will not be affected by any declaratory relief granted by this Court.")

*Fraudulent Misjoinder of the Individual Defendants*

16. In its continuing effort to avoid federal diversity jurisdiction over this civil action, WVMI dismissed the First Civil Action only to file the Second Civil Action – which includes the Individual Defendants -- the next day. Hobbs and Taylor are purported citizens of West Virginia. Compl. at ¶¶ 6 through 7, and, if properly joined, would defeat diversity jurisdiction. However, Individual Defendants have been fraudulently misjoined in this matter and Plaintiff's gamesmanship will not divest APS of its right to litigate this matter in a federal forum.

17. The doctrine of fraudulent misjoinder allows a court to disregard the citizenship of certain parties in order to assume jurisdiction over an action with non-diverse defendants, sever the non-diverse defendants due to fraudulent misjoinder, and then retain jurisdiction over the action. *See Hughes v. Sears, Roebuck and Co.*, 2009 WL 2877424 (N.D. W.Va. 2009). A non-diverse defendant has been fraudulently misjoined if (1) the claims against the non-diverse defendant do not arise out of the same transaction or occurrence as the claims against the diverse defendant, and (2) there is no common question of law or fact between the claims of the various

defendants. *Id.* Importantly, no other considerations are to be made, and once the court determines that a "non-diverse party cannot be properly joined under the Federal Rules of Civil Procedure, the defendant's right of removal should prevail over that of permitting a plaintiff's choice of forum." *Id.* "Upon a finding that both requirements are satisfied, this Court will follow the appropriate course of action, which is to sever the claims against the misjoined defendants." *Id.*

18. "[A]ctions only arise out of the same transaction or occurrence if they are 'reasonably related claims for relief.'" *DIRECTV, Inc. v. Boggess*, 300 F.Supp.2d 444, 449 (S.D.W.Va. 2004) (quoting *Saval v. BL Ltd.,* 710 F.2d 1027, 1031 (4th Cir. 1983)); *see also Hughes*, 2009 WL 2877424. In this case, the viable claims alleged against APS and the claims alleged against the Individual Defendants do not arise out of the same transaction or occurrence.

The Complaint sets forth ten causes of action:

- Count I - Corrupt Actions to Lessen Competition in Violation of W. Va. Code § 5A-3-31 (the "Corruption Claim") against APS. Compl. at ¶¶ 74 through 78. This statutory claim is premised upon APS' alleged actions in negotiating the Four-Month Extension of the Subcontract between APS Healthcare Midwest and WVMI. *Id*.

- Count II - Breach of Contract (the "Breach of Subcontract Claim") against APS Healthcare Midwest. Compl. at ¶¶ 79 through 87. This claim is premised upon APS Healthcare Midwest's alleged breach of the Subcontract and subsequent extensions of that agreement. *Id*.

- Count III - Breach of Duty of Good Faith and Fair Dealing (the "Breach of Duty Claim") against APS Healthcare Midwest. Compl. at ¶¶ 88 through 92. This claim is premised upon APS Healthcare Midwest's alleged breach of the duty of good faith and fair dealing with regard to the Subcontract and subsequent extensions of that agreement. *Id*.

- Count IV - Tortious Interference with Contractual Relations (the "Tortious Interference with Subcontract Claim") against KEPRO. Compl. at ¶¶ 93 through 101. This claim is premised upon KEPRO's alleged tortious interference with the Subcontract and subsequent extensions thereof. *Id*.

- Count V - Tortious Interference with Contractual Relations (the "Tortious Interference with Employment Claim") against KEPRO and APS Healthcare Midwest. Compl. at ¶¶ 102 through 107. This claim is premised upon APS' alleged tortious interference with the purported employment contracts between WVMI and the Individual Defendants. *Id*.

- Count VI - Declaratory Relief (the "Declaratory Judgment Claim") against KEPRO, APS, DOA, and DHHR. Compl. at ¶¶ 108 through 126. This claim is premised upon WVMI's request for declaratory relief as to the Subcontract and subsequent extensions of that agreement. *Id*.

- Count VII - Violations of the West Virginia Computer Crimes and Abuse Act (the "Computer Crimes Claim") against Hobbs and Taylor.[2] Compl. at ¶¶ 127 through 132. This claim is premised upon the alleged actions of Hobbs and Taylor upon tendering notice to WVMI. *Id*. Specifically, WVMI alleges that the Individual Defendants appropriated e-mails and documents that contained confidential, proprietary and trade secret information in violation of the West Virginia Computer Crimes and Abuse Act. *Id*.

- Count VIII - Violations of the Uniform Trade Secrets Act (the "Trade Secret Claim") against Hobbs and Taylor. Compl. at ¶¶ 133 through 139. This claim is premised upon the alleged actions of Hobbs and Taylor set forth above upon tendering notice to WVMI. *Id.*

- Count IX – Conversion (the "Conversion Claim") against Hobbs and Taylor. This claim is premised upon the same allegations as the Trade Secret claim set forth in Count VIII. Compl. at ¶¶ 140 through 143.

---

[2] WVMI established a convention of identifying the defendants against which a particular count is asserted in the First Civil Action and continued that convention in the Second Civil Action. *See* Civil Action No. 2:15-cv-12836 (Dkt. No. 3) and Compl. Specifically, WVMI listed the defendants name immediately below the count as set forth below:

**COUNT I: Corrupt Actions to Lessen Competition in Violation of W. Va. Code § 5A-3-31**

*Defendants APS and KEPRO*

*Id.* In turn, the prayer for relief within each count identified the same defendant. WVMI followed this convention for every count listed in the Second Civil Action with the exception of Counts VII (the Computer Crime Claim), VIII (the Trade Secret Claim) and IX (the Conversion Claim). In each of these claims, no defendant is listed under the count designation and the prayer for relief generically refers to "Defendants". Compl. at ¶¶ 132, 139, and 143. Logic dictates that WVMI is not asserting these claims against the Agency Defendants. Thus, it is evident that WVMI's reference to "Defendants" is not all-inclusive.

Counts VII, VIII and IX only refer to the alleged actions of Hobbs and Taylor. In accordance with the notice pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure, APS interprets these claims as being asserted solely against the Individual Defendants.

- Count X - Breach of Contract (the "Breach of Employment Contract Claim") against Hobbs and Taylor. Compl. at ¶¶ 144 through 147. This claim is premised upon Hobbs' and Taylor's alleged appropriation of e-mails and documents that contained confidential, proprietary and trade secret information in breach of their respective employment contracts with WVMI. *Id.*

The claims against the Individual Defendants – the Computer Crime Claim, the Trade Secret Claim, the Conversion Claim and the Breach of Employment Contract Claim (collectively the "Misappropriation Claims") – arise out of the alleged appropriation of confidential, proprietary and trade secret information and documents by the Individual Defendants while they were employed by WVMI. Compl. ¶¶ 127 through 147. On the other hand, the claims against APS – the Corruption Claim, the Breach of Subcontract Claim, the Breach of Duty Claim, the Tortious Interference with Subcontract Claim, the Declaratory Judgment Claim (collectively the "Subcontract Claims") – arise out of the APS' alleged actions in contravention of the Subcontract and the negotiation process related to extensions of the Subcontract. The final claim against APS -- the Tortious Interference with Employment Contract Claim -- arises out of APS Healthcare Midwest's hiring of the Individual Defendants.[3]

      19.    It is clear that the claims against the non-diverse, Individual Defendants do not arise out of the same transaction or occurrence as the claims against the diverse defendants, APS Healthcare Midwest and KEPRO, and that there is no common question of law or fact between the claims asserted against the various defendants. As such, the Individual Defendants have not been properly joined in this matter under the Federal Rules of Civil Procedure and APS' right of removal must prevail over the Plaintiff's choice of forum. *See Hughes v. Sears, Roebuck and Co.,* 2009 WL 2877424 (N.D. W.Va. 2009). As such, APS requests that this Court sever the claims against the misjoined Individual Defendants. *Id.*

---

[3] Notably, WVMI does not allege that the Subcontract or extensions thereof include a non-solicitation provision or that its employment contract with the Individual Defendants included a non-compete provision.

10

20. As set forth in the Complaint and Affidavit of Joseph A. Dougher, if WVMI is granted the requested relief as against APS, the adverse economic consequence to APS Healthcare Midwest and KEPRO exceeds the requisite jurisdictional amount of $75,000.00. *See* Exhibit D (Affidavit of Joseph A. Dougher) at ¶ 9.

21. As set forth above, the Agency Defendants have been fraudulently joined and the Individual Defendants have been fraudulently misjoined as defendants in this matter. As such, diversity exists as between the remaining parties, WVMI and APS, and this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Kanawha County.

DATED: September 24, 2015.

Innovative Resource Group, LLC d/b/a APS Healthcare Midwest APS and KEPRO Acquisitions, Inc.,

*By Counsel*

LEWIS GLASSER CASEY & ROLLINS, PLLC

/s/ Ramonda C. Lyons
Webster J. Arceneaux, III (WVSB #155)
Ramonda C. Lyons (WVSB #6927)
300 Summers Street, Suite 700
P.O. Box 1746
Charleston, WV  25326
Phone:   304-345-2000
Fax:       304-343-7999

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**WEST VIRGINIA MEDICAL INSTITUTE, INC.,**

      **Plaintiff,**

v.                                      CIVIL ACTION NO. 2:15-cv-13449 _____

**INNOVATIVE RESOURCE GROUP, LLC
d/b/a APS HEALTHCARE MIDWEST, a
Wisconsin Limited Liability Company,
KEPRO ACQUISITIONS, INC., a Pennsylvania
Corporation, WEST VIRGINIA
DEPARTMENT OF ADMINISTRATION,
PURCHASING DIVISION, a West Virginia
Agency, WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,
A West Virginia Agency,**

      **Defendants.**

CERTIFICATE OF SERVICE

      I, Ramonda C. Lyons, counsel for Defendant Innovative Resource Group, LLC d/b/a APS Healthcare Midwest APS and KEPRO Acquisitions, Inc., do hereby certify that on September 24, 2015, I electronically filed the *Notice of Removal* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants shown below. I further certify that the *Notice of Removal* was sent via e-mail to the following:

      Carte P. Goodwin, Esq.
      Goodwin & Goodwin, LLP
      300 Summers Street, Suite 1500
      Charleston, WV  25301

      Christopher S. Dodrill, Esq.
      Office of the WV Attorney General
      812 Quarrier Street, Floor 6
      Charleston, WV  25301


      Kelli D. Talbott, Esq.
      Office of the WV Attorney General
      812 Quarrier Street, Floor 2
      Charleston, WV  25301

      Michael J. Del Giudice (WVSB #982)
      Timothy J. Lafon (WVSB #2123)
      Ciccarello, Del Giudice & Lafon
      1219 Virginia Street, E., Suite 100
      Charleston, West Virginia  25301



      Innovative Resource Group, LLC d/b/a APS
      Healthcare Midwest APS and KEPRO Acquisitions,
      Inc.,

      *By Counsel*

LEWIS GLASSER CASEY & ROLLINS, PLLC


/s/ Ramonda C. Lyons_____
Webster J. Arceneaux, III (WVSB #155)
Ramonda C. Lyons (WVSB #6927)
300 Summers Street, Suite 700
P.O. Box 1746
Charleston, WV  25326
Phone:   304-345-2000
Fax:        304-343-7999

13