IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

WEST VIRGINIA MEDICAL INSTITUTE, INC.,

    *Plaintiff*,

v.

                                                        Civil Action No.: 15-C-1680
                                                        (Judge Stucky)

INNOVATIVE RESOURCE GROUP, LLC
d/b/a APS HEALTHCARE MIDWEST, a
Wisconsin Limited Liability Company,
KEPRO ACQUISITIONS, INC., a Pennsylvania
Corporation, WEST VIRGINIA
DEPARTMENT OF ADMINISTRATION,
PURCHASING DIVISION, a West Virginia
Agency, WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,
a West Virginia Agency,

    *Defendants*.

## DEFENDANT DHHR'S MOTION TO DISMISS

Defendant West Virginia Department of Health and Human Resources ("DHHR"), by counsel, moves to dismiss the Complaint under West Virginia Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(6), and West Virginia Code §§ 55-17-3(a)(1) and 55-17-4(1). The Complaint must be dismissed against DHHR for four reasons. *First*, the Complaint must be dismissed because service of process was deficient. *Second*, Plaintiff West Virginia Medical Institute ("WVMI") failed to provide statutorily required pre-suit notification to DHHR, a state agency. *Third*, the Complaint fails to allege any wrongdoing by DHHR or assert any claims against DHHR for which relief can be granted. And *fourth*, WVMI has improperly named

DHHR as a direct defendant, rather than naming the responsible state official, thus violating the State's constitutional immunity. These arguments are explained more fully below.

1. ***WVMI failed to properly serve DHHR in accordance with West Virginia Code § 55-17-4(1).*** The Summons issued to DHHR in this case is defective, rendering service of process deficient. West Virginia Rule of Civil Procedure 4(a) requires that for service to be effective, a summons must "state the time within which the defendant must appear and defend[.]" An unlawful return date renders a summons void and requires that the summons be quashed. Syl. Pt. 1, *Fisher, Sons & Co. v. Crowley*, 57 W. Va. 312, 50 S.E. 422 (1905). WVMI's Summons upon DHHR fails to comply with this rule. The Summons instructs DHHR, "You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service." Summons to Karen L. Bowling. But DHHR is a government agency, and West Virginia Code § 55-17-4(1) provides that "[a] government agency shall be allowed sixty days to serve an answer to a complaint or petition for which a summons has been issued and served upon a government agency." Accordingly, WVMI's Summons upon DHHR is deficient, service of the Complaint was invalid, and this action must be dismissed against DHHR under West Virginia Rule of Civil Procedure 12(b)(4).

2. ***WVMI failed to provide DHHR with pre-suit notification.*** The Complaint against DHHR is statutorily barred because WVMI failed to provide proper pre-suit notification. West Virginia Code § 55-17-3(a)(1) requires that state entities be provided with 30 days' notice prior to the initiation of a civil action against them. Notice must be provided to the state agency itself, as well as the Attorney General. This requirement can be excused only upon a finding complying with the required notice would irreparably harm the plaintiff. Pre-suit notification is a jurisdictional pre-requisite to a civil action against a state agency. Syl. Pt. 3, *Motto v. CSX*

2

*Transp., Inc.*, 220 W. Va. 412, 647 S.E.2d 848 (2007). WVMI did not provide pre-suit notification to DHHR or the Attorney General thirty days before filing this action, as required by § 55-17-3, nor has WVMI shown that irreparable harm would have occurred had it followed the statutory mandate. Accordingly, this Court lacks jurisdiction to hear any claim against DHHR in this action, and DHHR must be dismissed as a defendant under West Virginia Rules of Civil Procedure 12(b)(1) and 12(b)(2).

3. ***The Complaint fails to state a claim for which relief can be granted against DHHR.*** West Virginia Rule of Civil Procedure 12(b)(6) requires that a Complaint be dismissed if it fails to allege sufficient facts to state a claim for which relief can be granted against a particular defendant. Dismissal is required here, as "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ewing v. Board of Educ. of County of Summers*, 202 W. Va. 228, 235, 503 S.E.2d 541, 548 (1998) (internal quotations omitted). This is a dispute between two companies who maintain a prime contractor and subcontractor relationship with one another. Any grievance that WVMI has with Defendants APS Healthcare Midwest or KEPRO Acquisitions, or any former employee, is between WVMI and those Defendants. So long as West Virginia Medicaid services are not interrupted, DHHR has no interest at stake in this litigation.

Dismissal is required because the Complaint neither alleges wrongdoing by DHHR nor seeks any relief from the agency. The Complaint lodges ten claims. Counts One through Five—claims of antitrust violations, breach of contract, breach of good faith and fair dealing, and tortious interference of contract—are directed solely at Defendants APS and KEPRO, either individually or collectively. Compl. pp. 13-20. And in Counts Seven through Ten, WVMI alleges computer crimes, trade secret violations, conversion, and breach of contract against two

3

of its former employees. *Id.* at pp. 23-26. Of the Complaint's ten counts, only Count Six names DHHR as one of its targets for declaratory relief, but the allegations and relief sought in that claim are again aimed at APS and KEPRO only. *Id.* at pp. 20-22. In fact, the only indication that WVMI is seeking any relief from DHHR at all is in two footnotes. Footnote One states that WVMI is seeking "injunctive relief" from the state agency defendants (although WVMI asks for no injunctive relief against the agency), and Footnote Two acknowledges that DHHR is named only because it is a party to the contract at issue and would purportedly be affected by any declaratory judgment entered (it would not). These are hardly sufficient allegations to withstand dismissal. To be clear, DHHR has no interest in this case, as it will not be affected by the relief sought by WVMI. Indeed, even if complete relief were warranted in favor of WVMI on all ten counts, DHHR would not be compelled to take any action under the relief sought in the Complaint, nor would its interests be affected. Accordingly, the Complaint must be dismissed under Rule 12(b)(6).

**4.    *WVMI has improperly sued a state entity directly rather than naming the responsible state official.*** The Complaint against DHHR is also barred because the State has been sued in violation of the state constitution. The West Virginia Constitution provides, "The State of West Virginia shall never be made a defendant in any court of law or equity[.]" W. Va. Const. art. VI, § 35. A plaintiff seeking injunctive relief against a state entity—something WVMI is purporting to do—cannot sue the State directly, but rather must name the State officials charged with administering the program at issue. *See Univ. of W. Va. Bd. of Trustees ex rel. W. Va. Univ. v. Graf*, 205 W. Va. 118, 122-23, 516 S.E.2d 741, 745-46 (1998) (collecting cases that identify exceptions to sovereign immunity); *see also Ex Parte Young*, 209 U.S. 123 (1908) (holding that the Eleventh Amendment does not preclude suits against state officers for

4

injunctive relief). WVMI has sued DHHR directly, rather than suing the state official charged with administering the program involved. The action against DHHR thus violates the State's sovereign immunity, and DHHR must be dismissed as a defendant under West Virginia Rule of Civil Procedure 12(b)(2).

## CONCLUSION

The Complaint must be dismissed as to Defendant DHHR.

Respectfully submitted,

WEST VIRGINIA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES,
*Defendant*,

By counsel,

PATRICK MORRISEY
ATTORNEY GENERAL

*[signature]*
Christopher S. Dodrill (11040)
  *Deputy Attorney General*
812 Quarrier St., 2nd Floor
Charleston, WV 25301
Phone: (304) 558-2131
Fax:   (304) 558-0430
Christopher.S.Dodrill@wvago.gov
*Counsel for West Virginia Department of*
*Health and Human Resources*

5

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

WEST VIRGINIA MEDICAL INSTITUTE, INC.,

    *Plaintiff*,

v.                                                Civil Action No.: 15-C-1680
                                                (Judge Stucky)

INNOVATIVE RESOURCE GROUP, LLC
d/b/a APS HEALTHCARE MIDWEST, a
Wisconsin Limited Liability Company,
KEPRO ACQUISITIONS, INC., a Pennsylvania
Corporation, WEST VIRGINIA
DEPARTMENT OF ADMINISTRATION,
PURCHASING DIVISION, a West Virginia
Agency, WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,
a West Virginia Agency,

    *Defendants*.

## CERTIFICATE OF SERVICE

I, Christopher S. Dodrill, Deputy Attorney General and counsel for Respondents West Virginia Department of Health and Human Resources do hereby certify that on September 11, 2015, I caused a true copy of the foregoing **DEFENDANT DHHR'S MOTION TO DISMISS** to be served on counsel of record by Hand Delivery and/or U.S. Regular mail as follows:

                Carte P. Goodwin, Esquire
                James A. Kirby, III, Esquire
                Lucas R. White, Esquire
                Goodwin & Goodwin, LLP
                300 Summers Street, Suite 1500
                Charleston, WV 25301

Webster J. Arceneaux, III, Esquire
Lewis Glasser Casey & Rollins PLLC
BB&T Square
300 Summers Street, Suite 700
Charleston, WV 25301


Kelli D. Talbott, Esquire
Senior Deputy Attorney General
Greg S. Foster, Esquire
Assistant Attorney General
State of West Virginia Office of the Attorney General
812 Quarrier St., 2nd Floor
Charleston, WV 25301


*Christopher S. Dodrill*
Christopher S. Dodrill