IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WEST VIRGINIA MEDICAL INSTITUTE, INC.,**

      Plaintiff,

v.                                           Civil Action No.: 2:15-cv-13449

**INNOVATIVE RESOURCE GROUP, LLC
d/b/a APS HEALTHCARE MIDWEST, a
Wisconsin Limited Liability Company,
KEPRO ACQUISITIONS, INC., a Pennsylvania
Corporation, WEST VIRGINIA
DEPARTMENT OF ADMINISTRATION,
PURCHASING DIVISION, a West Virginia
Agency, WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,
a West Virginia Agency, ANGELA HOBBS, an
individual, and KRISTYN TAYLOR, an
individual,**

      **Defendants.**

## RESPONSE IN OPPOSITION TO INNOVATIVE RESOURCE GROUP, LLC AND KEPRO ACQUISITION, INC.'S MOTION TO SEVER

COMES NOW Plaintiff West Virginia Medical Institute, Inc. ("WVMI") and files its response in opposition to the Motion to Sever filed on behalf of Defendants Innovative Resource Group, LLC d/b/a APS Healthcare Midwest ("APS") and KEPRO Acquisitions, Inc. ("KEPRO"). Specifically, APS and KEPRO (collectively, "Corporate Defendants") seek to sever WVMI's claims against them from the claims that WVMI has asserted against Defendants Angela Hobbs and Kristyn Taylor (collectively, "Individual Defendants"). However, WVMI's claims against both classes of Defendants arise from the same transaction and occurrence and have common questions of law and fact. As such, the Corporate Defendants' Motion to Sever should be denied.

1

I.   *Standard of Review*

Motions to sever pursuant to Rule 21 of the Federal Rules of Civil Procedure are governed by the same liberal rules regarding permissive joinder under Rule 20. This Court has aptly summarized the standards by which such motions are reviewed:

> While Rule 21 is silent on the standard applicable for determining misjoinder, courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a). Thus, misjoinder is present, and severance appropriate, when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact. Rule 20(a) permits the broadest possible scope of action consistent with fairness to the parties[, and] joinder of claims, parties and remedies is strongly encouraged. The court notes the transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenient and judicial economy. The Court is also required to construe Rule 20(a) in a manner that will secure the just, speed, and inexpensive determination of this action.

*Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D. W. Va. 1993) (internal citations, quotations, editing marks, and footnotes omitted). "For the present purpose of the court the position of the complaint, interpreted most favorably to plaintiff, must be accepted." *Mitchell v. Hires Ideal Bottling Co.*, 19 F.R.D. 350, 351 (D. Neb. 1956).

II.   *The claims against the Corporate Defendants arise from the same transaction and occurrence as the claims against the Individual Defendants.*

The claims against both the Corporate and Individual Defendants arise from the same transaction or occurrence, and there is far more than a "logical relationship" between the two. *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 411 (S.D. W. Va. 2005). Hobbs and Taylor were formerly WVMI employees who performed services related to the contracts in question. They were solicited by APS and KEPRO as part of a concerted effort to undermine WVMI's ability to perform its services and to stifle competition. *See* Compl. at ¶ 67. Before resigning from WVMI, Hobbs and Taylor forwarded over one thousand (1,000) WVMI emails to their personal

2

accounts and downloaded over one hundred (100) WVMI documents to personal USB drives. These emails and files contain WVMI's confidential, proprietary, and trade secret information, including training materials and internal processes that would allow a competitor — like APS and KEPRO — to replicate WVMI's business and gain a competitive advantage in the upcoming re-bid. *See id.* at ¶¶ 69–71; *see also* Motion for Preliminary Injunction at p. 9.

To suggest that these claims do not "arise form the same transaction or occurrence" as the other claims in the Complaint is ludicrous. Hobbs and Taylor *are two of the poached employees* (Count V against APS and KEPRO) and their recruitment and tortious conduct *supports APS's and KEPRO's anti-competitive maneuvers* (Count I against APS and KEPRO). More specious, however, is the complete disregard for the fact that the trade secrets, computer crimes, and conversion counts are also pled against APS and KEPRO. WVMI made this clear at several points in its Complaint:

> 72. Upon information and belief, these emails and documents were or are still in Hobbs's and Taylor's possession ***and/or the possession of KEPRO and APS***.
>
> 73. Upon information and belief, Hobbs and Taylor possessed and/or continue to possess these emails and documents ***while employed by KEPRO and/or APS***.
> . . . .
> 129. Hobbs and Taylor possessed this computer data ***while employees and/or agents of KEPRO and/or APS***.
> . . . .
> 134. By engaging in the conduct alleged herein, Hobbs and Taylor, individually and ***as employees and/or agents of KEPRO and/or APS***, have misappropriated WVMI's trade secret information and data from which WVMI derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and is the subject of efforts by WVMI reasonable under the circumstances to maintain their secrecy.
> . . . .
> 136. Upon information and belief, Hobbs and Taylor possessed WVMI's confidential, proprietary, and trade secret information ***while employees and/or agents of KEPRO and/or APS***, all without WVMI's express or implied consent.

Compl. (emphases added). Each one of the paragraphs quoted above negates the Corporate Defendants' contention that "the culpability of the APS Defendant[s] is not dependent upon, or even affected by, the culpability of the Individual Defendants . . . ." Mot. Sever at pg. 6. The suggestion that these claims do not arise from the same transaction or occurrence is frivolous on its face.

### III. *The claims against the Corporate Defendants have common questions of law and fact as the claims against the Individual Defendants.*

In addition to arising from the same transaction and occurrence, WVMI's claims against both the Corporate and Individual Defendants include common questions of law and fact, including:

- Did the Corporate Defendants unlawfully poach WVMI's employees, including the Individual Defendants? (Counts I, V, VII, VIII, and IX)

- Did the misappropriation of the computer data by the Individual Defendants, acting either as agents of the Corporate Defendants or on their own, violate the West Virginia Computer Crimes and Abuse Act? (Counts I and VII)

- Did the data taken by the Individual Defendants constitute confidential, proprietary, or trade secret material in violation of the Uniform Trade Secrets Act? (Counts I and VIII)

- Do the Individual Defendants still possess the data in question while employees and/or agents of the Corporate Defendants? (Counts I, VII, VIII, and IX)

- Did the Corporate Defendants possess or have knowledge of the computer data taken by the Individual Defendants? (Counts I, VII, VIII, and IX)

Each one of these questions precludes the Corporate Defendants' Motion to Sever.

### IV. *Conclusion*

For the forgoing reasons, WVMI respectfully requests that this Court reject APS's and KEPRO's contentions and deny their Motion to Sever.

Respectfully submitted,

West Virginia Medical Institute, Inc.,

*By counsel,*

/s/ Carte P. Goodwin
_____
Carte P. Goodwin (W. Va. Bar 8039)
James A. Kirby, III (W. Va. Bar 8564)
Lucas R. White (W. Va. Bar 12501)
GOODWIN & GOODWIN, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
(304) 346-7000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WEST VIRGINIA MEDICAL INSTITUTE, INC.,**

      Plaintiff,

v.                                           Civil Action No.: 2:15-cv-13449

**INNOVATIVE RESOURCE GROUP, LLC
d/b/a APS HEALTHCARE MIDWEST, a
Wisconsin Limited Liability Company,
KEPRO ACQUISITIONS, INC., a Pennsylvania
Corporation, WEST VIRGINIA
DEPARTMENT OF ADMINISTRATION,
PURCHASING DIVISION, a West Virginia
Agency, WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,
a West Virginia Agency, ANGELA HOBBS, an
individual, and KRISTYN TAYLOR, an
individual,**

      **Defendants.**

## CERTIFICATE OF SERVICE

      I, Carte P. Goodwin, certify that, on October 9, 2015, a true and exact copy of the foregoing **Response in Opposition to Innovative Resource Group, LLC and KEPRO Acquisition, Inc.'s Motion to Sever** was served via electronic notification through the Court's CM/ECF system:

Webster J. Arceneaux III, Esq.
Lewis Glasser Casey & Rollins PLLC
BB&T Square, Suite 700
300 Summers Street
Charleston, WV 25301
*Counsel for Innovative Resource Group, LLC & KEPRO Acquisitions, Inc.*

Kelli D. Talbott, Esq.
Greg S. Foster, Esq.
Office of the Attorney General
812 Quarrier Street, 2nd Floor
Charleston, WV 25301
*Counsel for West Virginia Department of Administration, Purchasing Division*

Chris Dodrill
Deputy Attorney General
Office of the Attorney General of West Virginia
812 Quarrier Street, 2nd Floor
Charleston, WV 25301
*Counsel for West Virginia Department of Health and Human Resources*


Michael J. Del Giudice
Timothy J. LaFon
Ciccarello, Del Giudice & LaFon
1219 Virginia Street, East - Suite 100
Charleston, WV 25301
*Counsel for Angela Hobbs and Kristen Taylor*


/s/ Carte P. Goodwin
Carte P. Goodwin (W. Va. Bar 8039)