IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WEST VIRGINIA MEDICAL INSTITUTE, INC.,**

      **Plaintiff,**

v.                                                   Civil Action No.: 2:15-cv-13449

**INNOVATIVE RESOURCE GROUP, LLC**
**d/b/a APS HEALTHCARE MIDWEST, a**
**Wisconsin Limited Liability Company,**
**KEPRO ACQUISITIONS, INC., a Pennsylvania**
**Corporation, WEST VIRGINIA**
**DEPARTMENT OF ADMINISTRATION,**
**PURCHASING DIVISION, a West Virginia**
**Agency, WEST VIRGINIA DEPARTMENT OF**
**HEALTH AND HUMAN RESOURCES,**
**a West Virginia Agency, ANGELA HOBBS, an**
**individual, and KRISTYN TAYLOR, an**
**individual,**

      **Defendants.**

**RESPONSE IN OPPOSITION TO DHHR'S MOTION TO DISMISS**

      COMES NOW Plaintiff West Virginia Medical Institute, Inc. (WVMI) and submits this Response in Opposition to Defendant West Virginia Department of Health and Human Resources' (DHHR) Motion to Dismiss. DHHR raises four arguments seeking to dismiss DHHR from this action. Each of these four arguments are unavailing and should be rejected.

      First, DHHR argues that the Summons it received was ineffective because the Summons stated that a response was due within twenty (20) days (which is the answer time period under the West Virginia Rules of Civil Procedure). Therefore, DHHR argues, it should be dismissed.[1] As

---

[1] The only support that DHHR provides for the harsh penalty of dismissal for an error in a summons is a 1905 case using antiquated rules of civil procedure inherited from Virginia and long-ago abandoned by this State. *See M. Fisher, Sons & Co. v. Crowley*, 57 W. Va. 312 (1905). On appeal of an overruled motion to quash in an action for

1

a State agency, DHHR is afforded sixty (60) days by law to respond to the Complaint.  *See* W. Va. Code § 55-17-4(1).  However, this discrepancy does not render service ineffective.  Although this statutory 60-day response period presumably would provide a defense to a default judgment entered in State court twenty-one days after service, it is not grounds to dismiss DHHR from the case entirely.  Indeed, DHHR still received adequate notice of this action (adequate enough to respond by counsel).  More importantly, however, in removed actions, *federal* procedural law applies, not state.  *See, e.g.*, *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 437 (1974) ("More importantly, once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings . . . ."); 14C Charles Alan Wright & Arthur R. Miller, *Federal Prac. & Proc. Juris.* § 3738 (4th ed. 2015) (citing cases therein).  For this reason, DHHR's Motion to Dismiss should be denied.  In the alternative, WVMI requests that this Court grant leave for WVMI to amend its Summons, as permitted pursuant to Rule 4(a)(2) of the Federal Rules of Civil Procedure ("The court may permit a summons to be amended."); *see also*, Wright & Miller, § 1088 ("As long as the summons is sufficiently accurate to provide proper notice, an amendment probably will be allowed and the error deemed harmless.").

Second, DHHR's pre-suit notice argument is simply wrong.  If DHHR would have quoted the entirety of West Virginia Code 55-17-3, it would have been forced to concede that pre-suit notice is not required here:

---

assumpsit, and following a motion craving oyer on the writ, a defendant successfully argued that because the summons misstated the proper "rule day" on which to respond, the entire action had to be dismissed.  The court did not allow amendment of the summons to cure this defect because the West Virginia Code, at that time, did not allow for such amendment.  West Virginia has abandoned nearly every major procedural aspect at issue in *Fisher* (e.g., craving oyer, assumpsit, etc.) and now specifically allows for amendment of summonses, as do the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(a)(2) ("The Court may permit a summons to be amended."); W. Va. R. Civ. P. 4(a)(2) (same).

> The provisions of this subdivision ***do not apply in actions seeking injunctive relief*** where the court finds that irreparable harm would have occurred if the institution of the action was delayed by the provisions of this subsection.

W. Va. Code § 55-17-3(a)(1) (emphasis added). As evidenced by WVMI's pending Motion for Preliminary Injunction and Temporary Restraining Order, ECF Doc. 10, this is "an action[] seeking injunctive relief," and one where irreparable harm is already occurring. For this reason, DHHR's arguments regarding the 30-day pre-suit notice should be rejected and its Motion to Dismiss denied.

Third, DHHR argues that WVMI has failed to state a claim against DHHR. The only count to which DHHR is a party is Count VI, WVMI's request for declaratory relief. *See* Compl. at ¶¶ 108–26. West Virginia Code § 55-13-11 states that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." DHHR is a party to the public contract at issue in this litigation and, as such, is a necessary party to a declaratory action seeking its interpretation. To this end, WVMI expressly seeks injunctive relief directly from DOA:

> ***DOA and/or DHHR must approve a formal change order*** before WVMI's role as a critical subcontractor under the Contract can be changed, modified, or eliminated in any way, as required by the Contract.

Compl. at ¶ 126(b) (emphasis added). DHHR stated that "[s]o long as West Virginia Medicaid services are not interrupted, DHHR has no interest at stake in this litigation." DHHR's Mot. Dismiss at p. 3. As explained in WVMI's Complaint and Motion for Preliminary Injunction and Temporary Restraining Order, *this disruption of service is precisely what WVMI is seeking to prevent*. DHHR is a party to the contract at issue, and it can be affected by the declaratory relief sought. Accordingly, DHHR is a necessary party to this case.

Finally, DHHR argues that, because the Complaint names the Department rather than Secretary Bowling in her official capacity, DHHR must be dismissed due to West Virginia's sovereign immunity. However, a suit for declaratory judgment cannot violate West Virginia's sovereign immunity. *See, e.g.*, *Pittsburgh Elevator Co. v. W. Va. Bd. of Regents*, 172 W. Va. 743, 753 (1983) ("In similar fashion, the Court has determined that a variety of other actions in which the State or its officers are named as defendants fall outside the bounds of the constitutional prohibition against suing the State. For example, . . . suits for declaratory judgment have been held not to be suits against the State . . . ." (citations omitted)); *Farley v. Graney*, 146 W. Va. 22, 27–28 (1960) (stating that declaratory actions do not violate state sovereign immunity); *Douglas v. Koontz*, 137 W. Va. 345, 353–54 (1952) (same). In fact, the case cited by DHHR specifically states that there is an exception for "suits for declaratory judgment." *Univ. of W. Va. Bd. of Trs. ex rel. W. Va. Univ. v. Graf*, 205 W. Va. 118, 122–23 (1998) ("Nevertheless, over the years this Court has carved exceptions from the prohibition against suing the State. . . . These exceptions include . . . suits for declaratory judgment . . . ." (citations omitted)). For these reasons, DHHR's Motion to Dismiss should be denied.

For these reasons, WVMI respectfully request that DHHR's Motion be denied.

Respectfully submitted,

West Virginia Medical Institute, Inc.,

*By counsel,*

/s/ Carte P. Goodwin
Carte P. Goodwin (W. Va. Bar 8039)
James A. Kirby, III (W. Va. Bar 8564)
Lucas R. White (W. Va. Bar 12501)
GOODWIN & GOODWIN, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
(304) 346-7000

4

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WEST VIRGINIA MEDICAL INSTITUTE, INC.,**

    Plaintiff,

v.    Civil Action No.: 2:15-cv-13449

**INNOVATIVE RESOURCE GROUP, LLC
d/b/a APS HEALTHCARE MIDWEST, a
Wisconsin Limited Liability Company,
KEPRO ACQUISITIONS, INC., a Pennsylvania
Corporation, WEST VIRGINIA
DEPARTMENT OF ADMINISTRATION,
PURCHASING DIVISION, a West Virginia
Agency, WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,
a West Virginia Agency, ANGELA HOBBS, an
individual, and KRISTYN TAYLOR, an
individual,**

    Defendants.

## CERTIFICATE OF SERVICE

    I, Carte P. Goodwin, certify that, on October 9, 2015, a true and exact copy of the foregoing **Response in Opposition to DHHR's Motion to Dismiss** was served via electronic notification through the Court's CM/ECF system:

Webster J. Arceneaux III, Esq.
Lewis Glasser Casey & Rollins PLLC
BB&T Square, Suite 700
300 Summers Street
Charleston, WV 25301
*Counsel for Innovative Resource Group, LLC & KEPRO Acquisitions, Inc.*

Kelli D. Talbott, Esq.
Greg S. Foster, Esq.
Office of the Attorney General
812 Quarrier Street, 2nd Floor
Charleston, WV 25301
*Counsel for West Virginia Department of Administration, Purchasing Division*

Chris Dodrill
Deputy Attorney General
Office of the Attorney General of West Virginia
812 Quarrier Street, 2nd Floor
Charleston, WV 25301
*Counsel for West Virginia Department of Health and Human Resources*

Michael J. Del Giudice
Timothy J. LaFon
Ciccarello, Del Giudice & LaFon
1219 Virginia Street, East - Suite 100
Charleston, WV 25301
*Counsel for Angela Hobbs and Kristen Taylor*

/s/ Carte P. Goodwin
---
Carte P. Goodwin (W. Va. Bar 8039)