IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

WEST VIRGINIA MEDICAL INSTITUTE, INC.,

      Plaintiff,

v.                                                               Civil Action No.: 2:15-cv-13449

INNOVATIVE RESOURCE GROUP, LLC
d/b/a APS HEALTHCARE MIDWEST, a
Wisconsin Limited Liability Company,
KEPRO ACQUISITIONS, INC., a Pennsylvania
Corporation, WEST VIRGINIA
DEPARTMENT OF ADMINISTRATION,
PURCHASING DIVISION, a West Virginia
Agency, WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,
a West Virginia Agency, ANGELA HOBBS, an
individual, and KRISTYN TAYLOR, an
individual,

      Defendants.

**RESPONSE IN OPPOSITION TO MOTION TO QUASH AND MOTION TO DISMISS
ON BEHALF OF THE WEST VIRGINIA DEPARTMENT OF ADMINISTRATION,
<u>PURCHASING DIVISION</u>**

      COMES NOW Plaintiff West Virginia Medical Institute, Inc. (WVMI) and submits this Response in Opposition to Defendant West Virginia Department of Administration, Purchasing Division's (DOA) Motion to Quash and Motion to Dismiss. DOA raises three arguments seeking to either quash the Summons or to dismiss it from this action. Each of these three arguments are unavailing and should be rejected.

      DOA first argues that the Summons it received was ineffective because the Summons stated that a response was due within twenty (20) days (which is the answer time period under the West Virginia Rules of Civil Procedure). As a State agency, DOA is afforded sixty (60) days by

1

law. *See* W. Va. Code 55-17-4(1). However, this discrepancy does not render service ineffective. Although this statutory 60-day response period presumably would provide a defense to a default judgment entered in State court twenty-one days after service, it is not grounds to quash service entirely. Indeed, DOA still received adequate notice of this action (adequate enough to respond by counsel). More importantly, however, such a procedural state law is ineffective in federal court. Rather, on removed actions, *federal* procedural law applies, not state. *See, e.g.*, *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 437 (1974) ("More importantly, once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings . . . ."); 14C Charles Alan Wright & Arthur R. Miller, *Federal Prac. & Proc. Juris.* § 3738 (4th ed. 2015) (citing cases therein). For this reason, DOA's Motion to Quash the Summons should be denied. In the alternative, WVMI requests that this Court grant leave for WVMI to amend its Summons, as permitted pursuant to Rule 4(a)(2) of the Federal Rules of Civil Procedure ("The court may permit a summons to be amended."); *see also*, Wright & Miller, § 1088 ("As long as the summons is sufficiently accurate to provide proper notice, an amendment probably will be allowed and the error deemed harmless.").

Second, DOA's pre-suit notice argument is simply wrong. Had DOA quoted the entirety of West Virginia Code § 55-17-3(a), it would have been forced to concede that pre-suit notice is not required here:

> The provisions of this subdivision ***do not apply in actions seeking injunctive relief*** where the court finds that irreparable harm would have occurred if the institution of the action was delayed by the provisions of this subsection.

W. Va. Code § 55-17-3(a)(1) (emphasis added). As evidenced by WVMI's pending Motion to Preliminary Injunction and Temporary Restraining Order, ECF Doc. 10, this is "an action[]

seeking injunctive relief," and one where irreparable harm is already occurring. For this reason, DOA's arguments regarding the 30-day pre-suit notice should be rejected and its Motion to Dismiss denied.

Finally, DOA argues that WVMI has failed to state a claim against DOA. The only count to which DOA is a party is Count VI, WVMI's request for declaratory relief. *See* Compl. at ¶¶ 108–26. West Virginia Code § 55-13-11 states that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Despite its protestations that it is not an actual "party" to the purchase order, DOA *can* be affected by the declaratory relief sought and, to this end, WVMI expressly seeks injunctive relief directly from DOA:

> **_DOA and/or DHHR must approve a formal change order_** before WVMI's role as a critical subcontractor under the Contract can be changed, modified, or eliminated in any way, as required by the Contract.

Compl. at ¶ 126(b) (emphasis added). This draws from specific language from the contract which states that "[i]f changes to the original contract become necessary, a formal contract change order will be negotiated *by the State*, the Agency, and the Vendor . . . ." *See* Request for Proposal[1] (RFP) at p. 8 (emphasis added). The "State" is specifically defined as DOA. *See* RFP at p. 1. Because DOA plays a central role in the operative clauses of the contract at issue and is subject to the relief sought, *it is a necessary party to this litigation*.

For these reasons, WVMI respectfully request that DOA's Motion be denied.

---

[1] "The Request for Proposals contains all the contractual terms and conditions under which the State of West Virginia will enter into a contract." *See* RFP at p. 1. The RFP was attached as Exhibit A to WVMI's Motion for Preliminary Injunction and Temporary Restraining Order.

3

Respectfully submitted,

West Virginia Medical Institute, Inc.,

*By counsel,*

/s/ Carte P. Goodwin
Carte P. Goodwin (W. Va. Bar 8039)
James A. Kirby, III (W. Va. Bar 8564)
Lucas R. White (W. Va. Bar 12501)
GOODWIN & GOODWIN, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
(304) 346-7000

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WEST VIRGINIA MEDICAL INSTITUTE, INC.,**

      Plaintiff,

v.                                                  Civil Action No.: 2:15-cv-13449

**INNOVATIVE RESOURCE GROUP, LLC
d/b/a APS HEALTHCARE MIDWEST, a
Wisconsin Limited Liability Company,
KEPRO ACQUISITIONS, INC., a Pennsylvania
Corporation, WEST VIRGINIA
DEPARTMENT OF ADMINISTRATION,
PURCHASING DIVISION, a West Virginia
Agency, WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,
a West Virginia Agency, ANGELA HOBBS, an
individual, and KRISTYN TAYLOR, an
individual,**

      Defendants.

### CERTIFICATE OF SERVICE

      I, Carte P. Goodwin, certify that, on October 9, 2015, a true and exact copy of the foregoing **Response in Opposition to Motion to Quash and Motion to Dismiss on Behalf of the West Virginia Department of Administration, Purchasing Division** was served via electronic notification through the Court's CM/ECF system:

Webster J. Arceneaux III, Esq.
Lewis Glasser Casey & Rollins PLLC
BB&T Square, Suite 700
300 Summers Street
Charleston, WV 25301
*Counsel for Innovative Resource Group, LLC & KEPRO Acquisitions, Inc.*

Kelli D. Talbott, Esq.
Greg S. Foster, Esq.
Office of the Attorney General
812 Quarrier Street, 2nd Floor
Charleston, WV 25301
*Counsel for West Virginia Department of Administration, Purchasing Division*

5

Chris Dodrill
Deputy Attorney General
Office of the Attorney General of West Virginia
812 Quarrier Street, 2nd Floor
Charleston, WV 25301
*Counsel for West Virginia Department of Health and Human Resources*

Michael J. Del Giudice
Timothy J. LaFon
Ciccarello, Del Giudice & LaFon
1219 Virginia Street, East - Suite 100
Charleston, WV 25301
*Counsel for Angela Hobbs and Kristen Taylor*

/s/ Carte P. Goodwin
Carte P. Goodwin (W. Va. Bar 8039)